# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ROBERT J. KOSCH, JR.,** | Civil Action No. 19-13896 (SDW) |
| Petitioner, | |
| v. | **MEMORANDUM OPINION** |
| **PATRICK NOGAN,** | |
| Respondents. | |

IT APPEARING THAT:

1. On June 14, 2019, Petitioner, Robert J. Kosch, Jr., filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he sought to challenge his state court conviction and sentence. (ECF No. 1). As Petitioner had failed to file his petition on the correct form or pay the applicable filing fee, this Court administratively terminated that petition on June 25, 2019. (ECF No. 2).

2. As Petitioner has now paid the appropriate filing fee and has refiled his petition on the required form (ECF No. 3), Rule 4 of the Rules Governing Section 2254 Cases requires the Court to screen Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

3. Pursuant to 28 U.S.C. § 2254(b)(1), habeas relief may not be granted to an individual confined pursuant to an order of the state courts unless the petitioner has "exhausted the remedies available in the courts of the State," there is an absence of process in the state courts, or there are circumstances which render the state process ineffective. A petitioner generally satisfies this

exhaustion requirement when he has presented each of his claims to the highest level of the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Tinsley v. Johnson*, No. 10-3365, 2011 WL 5869605, at *3 (D.N.J. Nov. 22, 2011); *see also Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015). "Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies." *Tinsley*, 2011 WL 5869605 at *3; *see also* 28 U.S.C. § 2254(c). A New Jersey state prisoner will therefore only have properly exhausted his claims where he has presented all of his claims "to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court." *Barnes*, 2015 WL 1035428 at *1.

4. In December 2014, Petitioner was convicted of two counts of second-degree and one count of third-degree theft of immovable property by unlawful taking or disposition, two counts of third-degree theft of movable property by unlawful taking or disposition, two counts of third-degree forgery, and one count of second-degree trafficking in personal identifying information pertaining to fifty or more persons arising out of a scheme in which Petitioner unlawfully gained access to and leased out properties which did not belong to him. *See State v. Kosch*, 444 N.J. Super. 358, 374-77 (N.J. App. Div.), *certif. denied*, 227 N.J. 369 (2016). Petitioner received a total sentence of twenty years on these convictions. *Id.* at 377. Petitioner appealed, and the Appellate Division reversed and remanded his convictions for theft of immovable property, but affirmed his remaining convictions. *Id.* at 379-93. The Appellate Division therefore remanded the conviction to the trial court for a retrial on the immovable property counts and a resentencing as to all of Petitioner's remaining convictions. *Id.* at 392-93. The Appellate Division specifically advised the trial court to conduct this resentencing only after the retrial on the reversed counts. *Id.*

5. Apparently misunderstanding the direction it received, the state trial court put aside the three immovable property counts, and resentenced Petitioner on all of the remaining counts, resulting in total sentence of twenty years, including an extended term fifteen year sentence on a charge for which Petitioner had previously received a seven year sentence. *State v. Kosch*, 454 N.J. Super. 440, 441 (N.J. App. Div. 2018). The judge did not address the three remanded counts, and instead permitted "the State to keep those three unadjudicated charges in its hip pocket pending the outcome of [Petitioner's] inevitable appeal." *Id.* at 443. Petitioner appealed, and the Appellate Division again reversed and remanded as the sentencing judge had failed to comply with the mandate he was given – to dispose of the three unadjudicated charges and only then resentence Petitioner. *Id.* at 444. In again remanding Petitioner's case in May 2018, the Appellate Division advised that he trial court "complete the remanded proceedings with all due expedition." *Id.* The State thereafter dismissed the three unadjudicated counts on May 14, 2018. (Document 2 attached to ECF No. 1 at 2). The trial court again sentenced Petitioner to twenty years on June 27, 2018. (*Id.* at 3). Petitioner appealed, and the matter was remanded for another resentencing before a new trial judge in March 2019. (*Id.*). It appears, although it is not clear from the record, that Petitioner was ultimately resentenced in May 2019. (*Id.*).

6. After his initial remand but before his resentencing, and thus while no final judgment of conviction was in place, Petitioner filed a petition for post-conviction relief in December 2016. (ECF No. 3 at 4). While the remaining resentencing and resulting appeal occurred, the state courts did not rule on that petition, but apparently left it in place awaiting Petitioner's ultimate judgment of conviction. (Document 2 attached to ECF No. 1 at 3. Although Petitioner contends this amounts to the state courts ignoring his petition and preventing him from pursuing his rights, he was specifically told by the first trial judge that "there needs to be a new judgment of conviction in

3

place" before Petitioner could pursue his PCR application. (Document 1 attached to ECF No. 1 at 26). In May 2019, the newly assigned trial judge likely denied Petitioner's request to combine that pending PCR application with his final resentencing as Petitioner was before the court at that time "only . . . for a resentence." (Document 2 attached to ECF No. 1 at 3). Because his PCR has not yet been ruled upon, Petitioner contends that exhaustion of his claims in state court would be futile or that he is barred from pursuing his claims.

7. In his petition, Petitioner readily admits that he has not exhausted several of his claims, but argues he should be permitted to proceed because an attempt at exhaustion would be futile insomuch as he believes he is being denied the ability to proceed on his PCR claims. Petitioner is thus essentially arguing that exhaustion should be excused because state court process is unavailable to him. Although Petitioner asserts that he believes he cannot pursue his PCR in the state courts and has been denied the ability to do so, his assertion appears to be based on his own misunderstanding of what has occurred before the state courts. As the record of this matter and the various Appellate Division opinions clearly demonstrate, until his final resentencing, which apparently occurred in May 2019, Petitioner was not subject to a binding judgment of conviction – the previous convictions he received had all been vacated and remanded for resentencing. As such, there was at the time of his re-sentencings no judgment to attack via the PCR procedure, a point which was explained to Petitioner by at least one of the trial judges assigned to his case. The state courts, however, do not appear to have told Petitioner that he could not pursue his PCR now that his final resentencing has occurred, nor has Petitioner presented the court with any evidence that he would not be permitted to proceed via a PCR petition now that he has a binding judgment of conviction. It therefore fully appears that Petitioner has an avenue of relief available to him both in the form of an appeal from his most recent resentencing – which he contends he is already

4

pursuing (*see* Document 1 attached to ECF No. 1 at 1) – and either the pursuit of his original PCR application or the filing of a new PCR petition attacking his new judgment of conviction. Because these avenues fully appear to be available to Petitioner should he choose to pursue them, there is available state court process and Petitioner's failure to exhaust may not be excused. *See Tinsley*, 2011 WL 5869605 at *3. Petitioner's is thus a clearly unexhausted petition.

8. Where a District Court is faced with a habeas petition that contains unexhausted claims, the District Court has four options: "(1) dismiss the petition without prejudice; (2) stay the proceedings and hold them in abeyance until the claims are exhausted; (3) allow [Petitioner] to delete his unexhausted claims [and proceed on any exhausted claims presented in the petition]; and (4) deny the petition if [the District Court] found all of [Petitioner's] unexhausted claims to be meritless under § 2254(b)(2)." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005)). Because this Court cannot determine the merits of Petitioner's claims on the information contained in his habeas petition, this Court cannot deny his claims, and must either dismiss the petition, permit Petitioner to withdraw his unexhausted claims, or permit Petitioner to seek a stay of this matter pending exhaustion. A district court, however, may only grant a stay of an unexhausted or mixed petition in "limited circumstances." *Rhines*, 544 U.S. at 277. Specifically, the petitioner must have "good cause for his failure to exhaust, his unexhausted claims [must be] potentially meritorious, and there [can be] no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Even where these requirements are met, a stay will generally only be warranted in those cases where a dismissal of the petition without prejudice would result in the petitioner being unable to timely file his habeas petition within the one-year statute of limitations period. *See Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004) ("where an outright dismissal could jeopardize the timeliness of a collateral attack"

5

a stay is appropriate); *Williams v. Walsh*, 411 F. App'x 459, 461 (3d Cir. 2011) ("[w]here the timeliness of a habeas corpus petition is at issue . . . a District Court has discretion to stay" the petition); *Ragland*, 2015 WL 1035428 at *2.

9. As Petitioner's one-year statute of limitations has not yet begun to run as he is still pursuing his direct appeal of his most recent resentencing, he is in no danger of losing access to this Court based on the statute of limitations should the Court dismiss his claims. Petitioner's habeas petition shall therefore be dismissed without prejudice as unexhausted.

10. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's petition is unexhausted and that Petitioner's habeas petition should be dismissed without prejudice as a result, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further at this time, and Petitioner must be denied a certificate of appealability as to this Court's dismissal of his petition for lack of exhaustion.

9. In conclusion, Petitioner's petition for a writ of habeas corpus (ECF No. 3) shall be DISMISSED WITHOUT PREJUDICE for lack of exhaustion, and Petitioner shall be DENIED a certificate of appealability. If Petitioner wishes to refile his petition without any unexhausted claims, he may do so within thirty days. An appropriate order follows.


Dated: July 18, 2019                            *s/ Susan D. Wigenton*
                                                Hon. Susan D. Wigenton,
                                                United States District Judge